# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL REBOLLAR, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-04-523-2 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| CIVIL ACTION H-07-2929 | § | |

## MEMORANDUM AND OPINION

Raul Rebollar moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 160-month sentence for conspiracy to possess cocaine with the intent to distribute it and for aiding and abetting possession with intent to distribute. Rebollar pleaded guilty without a plea agreement. An appeal was unsuccessful. *United States v. Rebollar*, 233 Fed. Appx. 377, 2007 WL 1548972 (5th Cir. 2007). Rebollar timely filed this motion under 28 U.S.C. § 2255. (Docket Entry No. 147). In his motion, he asserts that he received ineffective assistance of trial counsel based on a failure to object to the drug amount alleged in the presentence report, failure to object to the guilty plea, failure to file objections to the presentence report, failure to review the presentence report with counsel, and failure to challenge the sufficiency of the factual basis for the guilty plea. Rebollar generally asserted that counsel failed to inform him of the consequences of pleading guilty and failed to prepare

adequately for sentencing. (Docket Entry No. 147, 154). The government has responded and moved to dismiss. (Docket Entry No. 156). Based on the motion and response, the parties' submissions, the record, and the applicable law, this court denies Rebollar's motion for relief, grants the government's motion to dismiss, and, by separate order, enters final judgment. The reasons are set out in detail below.

## I.     Factual Background

On November 22, 2004, Rebollar was named with two others in a two-count indictment. He pleaded guilty to the indictment on June 27, 2005. At the rearraignment hearing, this court accepted Rebollar's plea after a thorough and detailed Rule 11 hearing. A transcript of that hearing is filed as part of this record. (Docket Entry No. 133). At the rearraignment hearing, this court questioned Rebollar about his competence and his understanding of the rights he was giving up by pleading guilty, the charges against him, the possible sentence, and the terms of the plea agreement. Rebollar stated that he had not been treated for any kind of mental problem; he was not addicted to any drugs or alcohol; he was not sick; he was not taking any medicines; he was not under the influence of drugs or alcoholic beverages; he had had enough time to talk to his attorney; and he was satisfied with the advice of his counsel. Rebollar's counsel stated that his client understood the charges he faced and the punishment he faced; that counsel had had enough time to investigate the case; Rebollar had cooperated with counsel; and he had no question as to Rebollar's competence. The court found that Rebollar was fully competent to enter a knowing, voluntary, and informed plea of guilty.

The court questioned Rebollar at length as to his understanding of the rights he was giving up by pleading guilty. Rebollar answered that he understood the rights he was waiving. Rebollar stated that he understood the charges against him – conspiracy to possess at least five kilograms of cocaine with the intent to distribute it and aiding and abetting possession of at least five kilograms of cocaine with intent to distribute it. The court advised Rebollar that he faced a sentence of not less than ten years and not more than life on each count, and that the maximum sentence he faced was a lifetime in prison. Rebollar stated that he understood. Rebollar was also informed about the supervised release term and fines that could be imposed, and again stated that he understood.

The court also reviewed with Rebollar the uncertainty of the sentencing process under the advisory sentencing guidelines. In particular, Rebollar stated that he understood that the amount of drugs he was held responsible for would impact his sentence, and that there was no guarantee as to what that amount would be. Rebollar was also advised that because he was pleading guilty to conspiracy, the court was not limited to considering the drugs that he was directly involved with. Rebollar was also cautioned that his criminal history could make his sentence worse. Rebollar also stated that he understood that even if the sentence was heavier than he expected, he could not withdraw his plea.

Rebollar stated that the facts alleged in the indictment and described in the factual basis were true. Rebollar pleaded guilty to both counts of the indictment. Rebollar stated, under oath, that every allegation in the indictment was true and that everything the prosecutor said about Rebollar's involvement was true. Rebollar stated that he was making his guilty

plea freely and voluntarily; no one had forced or threatened him to enter his guilty plea; he was not pleading guilty to protect another person from prosecution; he was not pleading guilty because of any promise made to him; and he was pleading guilty because he was guilty and for no other reason. Counsel for Rebollar stated that he knew no reason why his client should not plead guilty; knew of no meritorious defenses; and knew of no additional admonishments that should be given.

This court found that Rebollar was mentally competent to enter an informed plea; the plea was supported by independent facts that established the elements of the offense; the plea was voluntarily and knowingly made; and Rebollar understood the nature of the proceedings and the consequences of the guilty plea.

A presentence investigation was conducted and the report was filed. Rebollar's counsel raised objections to the amount of cocaine for which Rebollar was held responsible; the absence of a mitigating role adjustment; and the criminal history category. Rebollar was sentenced on March 16, 2006. At the sentencing hearing, Rebollar was sentenced based on a guideline calculation that produced a base offense level of 29 and a criminal history category of VI. Rebollar was sentenced within the guideline range.

On direct appeal, the appellate court rejected Rebollar's claim that the factual basis was insufficient to support the conviction. This motion followed.

## II.     The Applicable Legal Standards

Rebollar is proceeding *pro se*. Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys. *See Haines v. Kerner*, 404

U.S. 519 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are liberally construed. *See Haines*, 404 U.S. at 521; *see also United States v. Pena,* 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.,* 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion does not require an evidentiary hearing if the motion and the record conclusively show that the prisoner is not entitled to relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668 (1984); *Martin v.*

*Cain,* 246 F.3d 471, 477 (5th Cir. 2001). The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating a claim of ineffective assistance need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

As to the prejudice portion of the inquiry, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Strickland,* 466 U.S. at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id*. at 694. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Because Rebollar pleaded guilty, the relevant inquiry is whether counsel's performance interfered with his ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984). In the context of a guilty plea, a petitioner shows prejudice by showing that but for his counsel's allegedly incorrect advice, he would have insisted on going to trial. *Mangun v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).

This record demonstrates that Rebollar cannot satisfy either the deficiency or the prejudice requirements of *Strickland.*

### III.   Analysis

In his section 2255 motion, Rebollar alleges that counsel provided ineffective assistance by stating that he would receive a ten-year sentence and by failing to inform him of the possible consequences of his plea of guilty. The rearraignment hearing transcript

clearly refutes Rebollar's allegations that he was advised that he would receive a ten-year sentence. Rebollar's colloquy with the court expressly contradicts the existence of any promises or agreements. Rebollar was specifically admonished, in detail, as to the statutory maximum sentence for each count and as to the uncertainty of the ultimate sentence determination. Rebollar specifically stated that there were no promises or guarantees accompanying his plea. Rebollar was specifically and in detail admonished as to the consequences of his plea of guilty and stated that he understood those consequences. The record precludes Rebollar's claim that there was ineffective assistance that affected the knowing and voluntary nature of the plea. *See, e.g., United States v. Story*, 439 F.3d 226 (5th Cir. 2006).

The record also precludes Rebollar's claim that counsel failed to prepare adequately for the sentencing. The record shows that contrary to Rebollar's allegations, his counsel did file objections to the presentence report and argued those objections. Counsel objected to the amount of drugs being attributed to Rebollar in the relevant-conduct determination; to the absence of a minor or minimal role adjustment; and to the criminal history calculation. Counsel also asked for a downward departure for Rebollar based on his conduct while incarcerated and cooperation with officials. There is no basis to find either deficient performance or prejudice.

A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992). On review of the motion to vacate and the

files and records of this case, this court finds that an evidentiary hearing is unnecessary. The record conclusively shows that Rebollar is entitled to no relief.

## IV. Conclusion

Rebollar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Docket Entry No. 147), is denied. The government's motion to dismiss, (Docket Entry No. 156), is granted. The corresponding civil action is dismissed with prejudice.

Under the AEDPA, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. A certificate of appealability is "a jurisdictional prerequisite" for an appeal on the merits by a habeas petitioner. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id*. at 1042.

Because Rebollar has not made the necessary showing, this court will not issue a certificate of appealability. Final judgment will issue by separate order.

SIGNED on July 14, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge